PROB 12C
(6/16)

Report Date: September 3, 2019

# United States District Court

**for the**

**Eastern District of Washington**

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

**Sep 05, 2019**

SEAN F. MCAVOY, CLERK

## Petition for Warrant or Summons for Offender Under Supervision

Name of Offender: Erika Rose Queahpama        Case Number: 0980 1:18CR02020-SAB-1

Address of Offender: ███████████  Toppenish, Washington 98948

Name of Sentencing Judicial Officer:  The Honorable Stanley A. Bastian, U.S. District Judge

Date of Original Sentence: February 13, 2019

Original Offense:   Possession with Intent to Distribute Methamphetamine, 21 U.S.C. § 84 (a) (1), (b)(1)(B) (viii)

Original Sentence:  Prison - 366 days;            Type of Supervision: Supervised Release
                    TSR - 60 months

Asst. U.S. Attorney:   Thomas J. Hanlon          Date Supervision Commenced: March 20, 2019

Defense Attorney:      Alex B. Hernandez, III    Date Supervision Expires: March 19, 2024

## PETITIONING THE COURT

To issue a summons.

The probation officer believes that the offender has violated the following conditions of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **Special Condition #4**: You must undergo a substance abuse evaluation and, if indicated by a licensed/certified treatment provider, enter into and successfully complete an approved substance abuse treatment program, which could include inpatient treatment and aftercare upon further order of the court.  You must contribute to the cost of treatment according to your ability to pay.  You must allow full reciprocal disclosure between the supervising officer and treatment provider.<br><br>**Supporting Evidence**: Ms. Queahpama is considered to be in violations of her conditions of supervised release by failing to comply with her treatment program at Comprehensive Healthcare on or about August 8, 2019.<br><br>Ms. Queahpama's conditions were reviewed with her on March 20, 2019.  She signed her conditions acknowledging an understanding of her conditions, which included special condition number 4 as noted above.<br><br>On April 11, 2019, Ms. Queahpama completed a drug and alcohol assessment at Comprehensive Healthcare (CHC). Ms. Queahpama's July 2019 monthly status report was received on August 8, 2019, reporting termination from treatment services due to |

Prob12C
**Re: Queahpama, Erika Rose**
**September 3, 2019**
**Page 2**

noncompliance. The undersign officer spoke with Mr. Paul Brashear of CHC on August 15, 2019, who reported the defendant was counseled in regard to a pattern of non attendance and advised continued absences from treatment would result in a termination from services. After being counseled, the defendant missed group on July 25, 2019, which resulted in the defendant being terminated from the program.

2     **Special Conditions #6:** You must abstain from the use of illegal controlled substances, and must submit to urinalysis and sweat patch testing, as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from these substances.

**Supporting Evidence**: The defendant is considered to be in violation of her conditions of supervised release by testing positive for methamphetamine on or about August 15, 2019.

Ms. Queahpama's conditions were reviewed with her on March 20, 2019. She signed her conditions acknowledging an understanding of her conditions, which included special condition number 6 as noted above.

The defendant reported to the U.S. Probation Office on August 15, 2019. A urine sample was collected and mailed to Alere Toxicology Services (Alere) for confirmation testing. On August 21, 2019, Alere confirmed the sample contained methamphetamine. Attempts to collect additional samples have not been possible as the defendant has failed to report as directed.

3     **Standard Condition #2:** After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.

**Supporting Evidence:** The defendant is considered to be in violation of her conditions of supervised release after failing to report to the U.S. probation office on August 23 and 26, 2019.

Ms. Queahpama's conditions were reviewed with her on March 20, 2019. She signed her conditions acknowledging an understanding of her conditions, which included standard condition number 2 as noted above.

On August 22, 2019, the undersigned officer, via telephone, directed the defendant to report to the U.S. Probation Office on August 23, 2019. On the date scheduled, the defendant failed to report. On August 23, 2019, this officer conducted a home visit but was informed Ms. Queahpama was not home. This officer requested the resident direct the defendant to report to the probation office on August 26, 2019, by 10 a.m. Additionally, on August 25, 2019, this officer exchanged text messages with the defendant directing her to report on August 26, 2019. On the morning of August 26, 2019, the defendant sent a text message stating she would report to the probation office when she returned from working on the Columbia River.

Prob12C
Re: Queahpama, Erika Rose
September 3, 2019
Page 3

The U.S. Probation Office respectfully recommends the Court issue a summons requiring the defendant to appear to answer to the allegations contained in this petition.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: September 3, 2019

s/Nicholas A. Bazan

Nick Bazan
U.S. Probation Officer

---

THE COURT ORDERS

[ ] No Action
[ ] The Issuance of a Warrant
[X] The Issuance of a Summons
[ ] Other

_Stanley A. Bastian_
Signature of Judicial Officer

09/05/2019
Date